IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVORY NORWOOD,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>PAUL COPENHAVER, Warden,<br><br>　　　　　　　　　Respondent. | Case No. 1:14-cv-00574 AWI MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 1)** |

　　　　Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

　　　　Petitioner filed the instant habeas petition in this Court on April 21, 2014. He is currently incarcerated at United States Penitentiary Atwater.

　　　　On August 12, 2008, in the Middle District of Florida, in a written plea agreement, Petitioner pled guilty pursuant to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A)(ii), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Norwood v. United States, 2010 U.S. Dist. LEXIS 78543, 1-2 (M.D. Fla. July 12, 2010). On October 2, 2008, the Court accepted Petitioner's guilty plea and adjudicated him guilty. Id. On November 25, 2008, the Court sentenced

Petitioner to 120 months incarceration as to count one, and 60 months incarceration as to count two. Id.

As a condition of his plea agreement, Petitioner waived his right to appeal the conviction. However, on November 24, 2009, Norwood filed a 28 U.S.C. § 2255 motion raising the claims of ineffective assistance of counsel. Norwood v. United States, 2010 U.S. Dist. LEXIS 78543 at 3-4. Of specific note, Petitioner claimed that counsel was ineffective for advising him to waive his right to appeal when counsel was aware of a pending case, Johnson v. United States, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010), that raised a legal argument which might influence whether he would qualify as a career offender. Id. The court denied the motion claiming that Petitioner had "not shown that his trial counsel was ineffective for failing to predict the development of the law." Id.

In the instant petition, Petitioner argues that his prior conviction for simple battery was not a violent felony under the Armed Career Criminal Act ("ACCA"). He contends that he is actually innocent of the ACCA sentencing designation and should be released since his term for the underlying conviction has been served.

I.  **SCREENING THE PETITION**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief

available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

**II.     JURISDICTION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez, 204 F.3d at 865. Here, Petitioner is challenging the validity and constitutionality of his conviction. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by

motion under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

The Ninth Circuit has also "held that a § 2241 petition is available under the „escape hatch" of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an „unobstructed procedural shot" at presenting that claim. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

Petitioner fails to meet either of these requirements. In this case, Petitioner is challenging the validity and constitutionality of his federal sentence imposed by a federal court, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the sentencing court, not a habeas petition pursuant to § 2241 in this Court.

Petitioner argues, however, that § 2255 is inadequate and ineffective, because he has already filed a § 2255 motion and that motion has been denied. Under AEDPA, a prisoner may not bring a second or successive Section 2255 motion in district court unless "a panel of the appropriate court of appeals" certifies that the motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; see Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008). Petitioner fails to meet either of these requirements. First,

newly discovered evidence is not at issue in this case. Second, Petitioner does not cite to any cases, and the Court has found none, finding that the United States Supreme Court decisions, upon which Petitioner's claims are based, are "new rules" of constitutional law that are retroactively applicable. Accordingly, it appears that Petitioner does not qualify to file a successive Section 2255 motion.

Nevertheless, Petitioner's inability to meet the statutory requirements for filing a successive Section 2255 motion does not automatically render the remedy under Section 2255 inadequate or ineffective. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (concluding that a Section 2255 movant may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to Section 2241 rather than Section 2255, and that AEDPA required dismissal of petitioner's successive Section 2255 motion because his claim was based neither on a new rule of constitutional law made retroactive by the Supreme Court nor on new evidence). To the extent Petitioner may argue that his only remedy is to pursue his claims via a habeas petition pursuant to Section 2241 because a panel of the circuit court would refuse to certify a second or successive motion under Section 2255, Petitioner's argument fails. Section 2241 "is not available under the inadequate-or-ineffective-remedy escape hatch of [Section] 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of [Section] 2255." Lorentsen, 223 F.3d at 953. Further, as previously stated, the remedy under Section 2255 usually will not be deemed inadequate or ineffective merely because a previous Section 2255 motion was denied, or because a remedy under that section is procedurally barred. Id. at 953 (stating that the general rule in the Ninth Circuit is that "the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective' "); see also United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural limits on filing second or successive Section 2255 motion may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651); Moore, 185 F.3d at 1055 (rejecting petitioner's argument that Section 2255 remedy was ineffective because he was denied permission

1 to file a successive Section 2255 motion, and stating that dismissal of a subsequent
2 Section 2255 motion does not render federal habeas relief an ineffective or inadequate
3 remedy); Tripati, 843 F.2d at 1162-63.

4     In addition, Petitioner has failed to demonstrate that he has never had an
5 unobstructed procedural opportunity to present his claims to the sentencing court.
6 Petitioner bases his claims on the Supreme Court decision in Johnson v. United States,
7 130 S.Ct. 1265, 176 L. Ed. 2d 1 (2010). Johnson was decided prior to the decision in
8 Petitioner's 2255 motion filed in the sentencing court on November 13, 2009 and
9 decided on July 12, 2010. Therefore, the basis for his claim was available at the time the
10 sentencing court reviewed his claim.

11     Moreover, Petitioner has failed to demonstrate that his claims qualify under the
12 savings clause of Section 2255 because Petitioner's claims are not proper claims of
13 "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the
14 Section 2255 savings clause is tested by the standard articulated by the United States
15 Supreme Court in Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed.
16 2d 828 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained
17 that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the
18 evidence, it is more likely than not that no reasonable juror would have convicted him."
19 Bousley, 523 U.S. at 623 (internal quotation marks omitted). Petitioner bears the burden
20 of proof on this issue by a preponderance of the evidence, and he must show not just
21 that the evidence against him was weak, but that it was so weak that "no reasonable
22 juror" would have convicted him. Lorentsen, 223 F.3d at 954.

23     In this case, Petitioner does not assert that he is factually innocent of the crime for
24 which he was convicted. Rather, he claims that, for sentencing purposes, he does not
25 have the requisite qualifying prior "violent felony" convictions and, thus, he is actually
26 innocent of being designated a "Career Offender" based on his prior convictions for
27 battery. Under the savings clause, however, Petitioner must demonstrate that he is
28 factually innocent of the crime for which he has been convicted, not the sentence

1 imposed. See Ivy, 328 F.3d at 1060; Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction"); Edwards v. Daniels, 2006 U.S. Dist. LEXIS 94750, at *7, 2006 WL 3877525 (D.Or. 2006) ("Petitioner's assertion that he is actually innocent of a portion of his sentence does not qualify him for the 'escape hatch' of § 2255 because he must allege that he is 'legally innocent of the crime for which he has been convicted,' not the sentence imposed."), adopted by Edwards v. Daniels, 2007 U.S. Dist. LEXIS 12356, 2007 WL 608115 (D.Or. 2007). Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using Section 2241 to collaterally attack a conviction or sentence imposed by a federal court. See Lorentsen, 223 F.3d at 954 (declining to decide whether federal prisoners who are actually innocent may resort to Section 2241 when relief is not available under Section 2255 because the petitioner had not shown actual innocence); see also Stephens, 464 F.3d at 898-99 (concluding that, although petitioner satisfied the requirement of not having had an "unobstructed procedural shot" at presenting his instructional error claim under Richardson v. United States, 526 U.S. 813, 819, 119 S. Ct. 1707, 143 L. Ed. 2d 985 (1999) because the claim did not become available until Richardson was decided eight years after his first Section 2255 motion had been denied and the claim did not satisfy the requirements for a second or successive Section 2255 motion, petitioner could not satisfy the actual innocence requirement as articulated in Bousley and, thus, failed to properly invoke the escape hatch exception of Section 2255); Harrison, 519 F.3d at 959 ("[A] motion meets the escape hatch criteria of § 2255 'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'").

Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, Section 2241 is not the proper statute for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

### III.     RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 12, 2014                         /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE